Ralph Layton, Plaintiff-Appellant, *v.* Russell Miller, Defendant-Appellee.

(No. 74-171;

Fifth District—January 29, 1975.

Robert L. Douglas, of Robinson, for appellant.

Harlan Heller and William E. Larrabee, both of Harlan Heller, Ltd., of Mattoon, and E. H. Price, of Robinson, for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an appeal from an order dismissing a petition for "custody" of three minor children. The petitioner alleges that he is the uncle of the children whose ages are 4, 5, and 7 years.

We are concerned only with the sufficiency of the petition to state a cause of action cognizable by the trial court. A brief statement of the facts is necessary, but because of their fragmentary presentation on the record before us, such statement can at best be sketchy. The petition was dismissed by the trial court upon motion of the respondent, and petitioner, rather than amend, apparently chose to stand on his petition and brought this appeal. In the ordinary case we would be strongly inclined to affirm

the dismissal for the reason that the petition is woefully insufficient, but for reasons hereinafter assigned we choose to reverse and remand.

Prior to October 1971, custody of the three minor children involved in this case was with their parents, Gerald Miller and Sharon Miller. In October 1971 Gerald Miller was sentenced to the penal farm at Vandalia, Illinois, and custody of the children then remained with the mother until her death on July 4, 1972. Following their mother's death the children were placed in the custody of their maternal grandmother, Evelyn Layton, pursuant to a writ of *habeas corpus* issued by the Circuit Court of Crawford County. Gerald Miller was released from the penal farm in July 1972, following which he resided with his parents. On March 21, 1973, a hearing was held in the Circuit Court of Crawford County in a consolidation of three separate causes, (1) In the Matter of the Guardianship of Jerry David Miller, Terry Jo Miller, and Gary Lee Miller, No. 72-P-57; (2) The People of the State of Illinois ex rel. Jerry David Miller, Terry Jo Miller, and Gary Lee Miller, by Evelyn E. Layton their Maternal Grandmother and Next Friend, Petitioner, v. Russell Miller, Respondent, No. 72-MR-3; and (3) In the Estate of Sharon May Miller, Deceased, No. 72-P-71. Pursuant to the hearing the court entered an order on May 30, 1973, dissolving the writ of habeas corpus, appointing Russell Miller (the paternal grandfather) as guardian of the persons of the children and granting him custody, and, finally, appointing Mark Webber as guardian of the estates of the children.

On December 13, 1973, the petition in question was filed. We will not dwell at length upon its deficiencies but it suffices to say that it is wide of the mark of "a plain and concise statement of the pleader's cause of action" called for by section 33(1) of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 33(1).) The petition alleges the natural grandparents (*sic*) gave custody of the children to their natural father, contrary to court order, and that, the "grandparents [in the plural] who are the guardians of the children are in contempt of court and an order to show cause should be issued * * *." In paragraph 8 of 14 paragraphs the petitioner prays that the court will place "custody" of the children with him as opposed to the grandparents. Paragraph 9 charges that "the grandparents of the guardian of the person have failed to cooperate with the guardian of the estate * * *." Paragraph 10 states that "because of the misheathen, malheathens, and failure to comply with the orders of this Honorable Court the said Russell Miller is unfit to continue in his duties and obligations of the person of the minor children * * *." There is no formal prayer for relief as required by section 34 of the Civil Practice Act; petitioner never asks that the personal guardian be re-

moved nor that petitioner be appointed guardian of the person of the children.

Respondent filed a motion to dismiss the petition upon the grounds that there was a final and complete determination of all matters concerning the guardianship and custody of the minor children which was concluded by the order appointing a guardian entered on May 30, 1973, and that order is res judicata as to the petition. The motion also asserted that the petitioner is an improper person and without standing to bring the action.

On April 8, 1974, the circuit court, after hearing argument, entered an order in which its only finding was that the motion to dismiss should be granted, and the petition was accordingly dismissed. This appeal followed.

■■ The respondent filed a motion to dismiss the appeal upon the grounds that the record did not contain a report of proceedings of the original appointment of guardian and other proceedings which culminated in the order of May 30, 1973. The argument is not well taken and the motion to dismiss is denied. The instant proceeding is not a continuation of those cases and it is apparent that the original appointment of guardian was not disputed. The order of appointment of a guardian cannot be res judicata as to matters arising subsequent to its entry. Inherent in the continuing wardship of the minors is the possibility of additional litigation over their custody and welfare. The statute providing for the removal of guardians for cause, section 276 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 276), is plain recognition of that fact.

It is regrettable that the petitioner did not see fit in the preparation of his petition to follow the statute provided for removal of guardians (Ill. Rev. Stat. 1973, ch. 3, par. 276-288) or for appointment of himself as successor guardian (Ill. Rev. Stat. 1973, ch. 3, par. 137).

While it is understandable that the trial court would dismiss the petition under review, we cannot understand why petitioner would elect to stand on such a petition and appeal rather than obtain leave to amend. Perhaps the answer lies with the grounds of alleged defects advanced by respondent in his motion to dismiss, none of which are sufficient. But we need not be concerned with the reason for the abrupt termination of the proceeding below. Were we to follow the indicated path there would be an affirmance and a termination of the matter. As stated above, that is our inclination. But we perceive an element in the case that has evoked further, more careful consideration. Our attention has focused on paragraphs 5, 6 and 7 of the petition. Those paragraphs allege that after the children were delivered into the custody of their natural father they were

living in the city of Marshall, Clark County, Illinois, that they did not receive proper food and clothing, that they were living on the back porch of a home without windows, screens or other protection from the elements such as flies, insects and other vermin that appear in and about said place, and that the children were not bathed or cleaned and were permitted to wear clothing that contained filth and vermin, which was unhealthy and contributed to the debilitation of the children.

■■ Because these are minor children of tender age and they are and remain wards of the court, the court should be especially attentive to any assertions that improprieties are taking place that affect the welfare of the children or which tend to show that they have come into any adverse situation. It is the public policy of this State that rights of minors be carefully guarded. No citation of authority need be given to state that one of the cardinal precepts of our law is that in any court proceeding involving minors their best interest and welfare is the primary concern of the court. When serious charges of neglect or abuse are addressed to the court, even in an instrument so imperfectly drawn as the petition in the present case, a duty devolves upon the court to satisfy itself that minor children who are its wards are being cared for in a proper manner and that they are not suffering neglect, abuse or privation. In view of the continuing nature of the wardship, under the discretionary authority vested in the court, appropriate measures should be taken to determine that the best interests of the minor children are in fact being served.

■■ Accordingly, we remand this case to the trial court for further proceedings. That court should order a repleader pursuant to section 42(1) of the Civil Practice Act in order that the petitioner may have an opportunity to amend his petition to seek removal of the present guardian and appointment of himself as successor guardian, if that is his aim. In the event the petitioner fails or refuses to replead so that the issues concerning the neglect and deprivation of the children are presented to the court for adjudication, then the court should proceed under its own authority to cause an investigation to be made.

■■ Such a course of conduct is especially desirable because the children are already the wards of and under the supervision of the court. The inquiry may be pursued through authority conferred by the Probate Act. Section 139 of that statute makes it clear that the guardian of the person of a minor shall exercise the customary nurture and tuition of his ward under the direction of the court. Or, at the discretion of the court, resort may be had to the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 701—1 *et seq.*) and the powers of protection of minor children conferred by that statute. See *People ex rel. Houghland v. Leonard,* 415 Ill. 135, 112 N.E.2d 697.

██ The respondent argues that the guardian of the estates of the three minors was not made a party to the instant petition and the jurisdiction of the court was faulty. It is true that section 141 of the Probate Act provides that a guardian of the estate of a minor shall appear for and represent his ward in all regular proceedings unless the court in the exercise of its discretion appoints another to that duty. Whether the guardian of the estate of the minor must appear in litigation looking to the removal of the guardian of the person of the minor we need not determine, for section 141 of the Probate Act confers upon the court a broad discretion in the appointment of a guardian ad litem. In the instant case, clearly a guardian ad litem should be appointed to represent the minors, and no reason appears why it could not be the same attorney who was originally appointed as guardian of their estate. However, the court should be careful that there be no conflicting interests between the minors and the person representing them. *Patterson v. Pullman,* 104 Ill. 80.

 The respondent further complains that the petitioner is an improper person and is without standing to intercede in behalf of the minors and that the petition does not allege any of the grounds for removal of a guardian enumerated in section 276 of the Probate Act. These arguments, too, are untenable. Section 133 of the Probate Act permits the filing of a petition for appointment of a guardian by any reputable citizen of this State or permits the court to proceed on its own motion whenever appointment of a guardian becomes necessary or convenient. Certainly a maternal uncle of minor children would come well within the range of qualified persons. With regard to the grounds for removal of a guardian, the allegations of neglect and deprivation of the children are sufficient to constitute "other good cause" for removal as specified in section 276(a)(10) of the Probate Act.

There is one further matter in this case that commands our attention. In the petitioner's brief the following language appears: "By nothing but the most reprehensible judicial fiat can this Court deny this petitioner, etc." This language is strong, unwarranted, even scurrilous, and we consider it an attack on the integrity of this court. Such language should not be employed since the only purpose it can serve is to inject acrimony into the proceeding; it can add nothing to assist the court in its deliberations in an attempt to find the just and reasonable solution to the problems present. Counsel is requested to desist from the use of such language in the future.

Reversed and remanded with directions.

KARNS and CARTER, JJ., concur.