RAYMOND J. McDONALD, Petitioner-Appellant, v. MICHELE H. McGO-WAN, Respondent-Appellee.

First District (3rd Division)   No. 86—2750

Opinion filed November 25, 1987.

Frank T. Steponate and Arturo P. Gonzalez, both of Friend & Steponate & Associates, Ltd., of Chicago, for appellant.

Mammas & Goldberg, Ltd., of Chicago (Jerry S. Goldberg and Evan James Mammas, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

On June 23, 1986, Raymond McDonald petitioned for the establishment of a custodial arrangement and a visitation plan for Kelly McGowan. He alleged that respondent Michele McGowan gave birth to Kelly on April 1, 1979, and that he is Kelly's father. He had enjoyed visitation with Kelly since her birth, but during the period of time shortly before he filed his petition, respondent allowed him to visit Kelly only infrequently and she unreasonably denied his requests for more frequent visitation. Respondent moved to dismiss the petition on grounds that it was barred by the statute of limitations for paternity actions provided in the Illinois Parentage Act of 1984. (Ill. Rev. Stat. 1985, ch. 40, par. 2508.) Petitioner moved to add Kelly as a party respondent. The trial court decided to hear the motion to dismiss first. Petitioner argued that the limitations period was inapplicable because he did not petition to establish paternity. The trial court

dismissed the petition and petitioner appeals.

■■ ▌ The outcome of this case will directly affect Kelly's visitation with petitioner and her right to child support from petitioner. For purposes of her motion to dismiss, respondent admits all factual allegations of the petition, including the allegation that petitioner is Kelly's father. By moving to dismiss, respondent shows that she does not wish to establish visitation between Kelly and Kelly's father. We presume that every child has an interest in visitation with her parents, until the evidence shows that such visitation is against the child's best interests. (*In re Marriage of Brophy* (1981), 96 Ill. App. 3d 1108, 1112, 421 N.E.2d 1308.) In the case at bar, therefore, there is a clear indication of a potential conflict between Kelly's interests and her mother's interests.

> "[I]t is the public policy of the State that courts guard carefully the rights of minors ***.
>
> *** [T]he possibility of a situation where the interests of the minor[ ] and [her mother] are not the same, requires that [the child's] interests be represented by a legal guardian, guardian *ad litem* or next friend." (*Skaggs v. Industrial Comm'n* (1939), 371 Ill. 535, 541-42, 21 N.E.2d 731.)

"When a court has notice that a minor is present without proper representation, it is the duty of that court to appoint a guardian *ad litem* to help safeguard and protect the interests and welfare of the minor." (*Roth v. Roth* (1977), 52 Ill. App. 3d 220, 226, 367 N.E.2d 442.) The court has the power to appoint a guardian *ad litem* on its own motion. (*Rhoads v. Rhoads* (1867), 43 Ill. 239, 248.) We find that under the circumstances of this case the court had an obligation to appoint a guardian *ad litem* for Kelly before deciding any issue which might affect her.

■■ On appeal petitioner concedes that he seeks to establish paternity and that as such his petition is barred by the relevant statute of limitations. However, he contends that the limitations period in the Illinois Parentage Act of 1984 unconstitutionally deprives him of equal protection of the laws because it allows the child to bring an action to establish paternity against the alleged father until two years after the child reaches the age of majority, but the father is barred from bringing the same action later than two years after the child is born. (Ill. Rev. Stat. 1985, ch. 40, pars. 2508(a)(1), (a)(2).) Petitioner failed to raise this issue in the trial court. In his "Response to Petition for Involuntary Dismissal" he merely denied "that said action is barred by the Statute of Limitations and, that the Statute of Limitations which apparently Michele McGowan relies upon is not applicable." He con-

tends that he started to state the facts he needed to prove to support his constitutional argument at hearing on the motion to dismiss, but the trial court ordered him not to argue facts not stated in the petition. In doing so the trial court properly restricted the parties to arguments based on the pleadings. We find that the petitioner waived the issue of the constitutionality of the Illinois Parentage Act of 1984. *Niekirk v. Central Illinois Light Co.* (1984), 128 Ill. App. 3d 1069, 1073, 471 N.E.2d 1027.

■ Petitioner next contends that the trial court should have construed his motion to make Kelly an added respondent as a petition brought on Kelly's behalf to establish paternity. Under the Illinois Parentage Act of 1984:

"If any party is a minor, he or she may be represented by his or her general guardian or a guardian ad litem appointed by the court, which may include an appropriate agency." (Ill. Rev. Stat. 1985, ch. 40, par. 2507(c).)

Petitioner was not Kelly's general guardian, nor had he been appointed to act as her guardian *ad litem*. We find that the trial court did not err in failing to appoint petitioner as Kelly's guardian *ad litem*, since there is a potential conflict between petitioner's interests and Kelly's interests. Under the statute, petitioner is not a proper person to represent Kelly, so the trial court could not interpret his petition as a petition brought on Kelly's behalf. Therefore, we hold that the trial court correctly dismissed the petition.

■ We remand for the appointment of a guardian *ad litem* for Kelly. (See *LeHew v. Mellyn* (1985), 131 Ill. App. 3d 314, 317, 475 N.E.2d 913; *S. v. S.* (Mo. App. 1980), 595 S.W.2d 357, 360-61; *Wiczynski v. Maher* (1976), 48 Ohio App. 2d 224, 356 N.E.2d 770.) The guardian will have authority to bring a petition to determine the existence of a father and child relationship between Kelly and petitioner (Ill. Rev. Stat. 1985, ch. 40, pars. 2507(a), (c)), pursuant to which the court can fix their respective rights and privileges (Ill. Rev. Stat. 1985, ch. 40, par. 2514). The court "will exercise constant supervision over such guardian *ad litem* to see that no interest of the minor *** is prejudiced." (*Skaggs*, 371 Ill. at 542.) The guardian should be allowed 90 days within which to file such petition if he finds that such action is in the best interest of the child. We affirm the trial court decision to dismiss the petition brought by the alleged father.

Affirmed in part and remanded.

RIZZI and FREEMAN, JJ., concur.