RICHARD KLAWITTER, Plaintiff-Appellant, v. LAUREN CRAWFORD, Defendant-Appellee.

First District (1st Division)   No. 1—86—3490

Opinion filed June 26, 1989.

Carrie E. Hewitt, of Chicago, for appellant.

Mandel, Lipton & Stevenson, Ltd., of Chicago (Theodora M. Rand and Richard A. Lifshitz, of counsel), for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

On May 21, 1986, plaintiff, Richard Klawitter, petitioned the circuit court of Cook County pursuant to the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, pars. 2501 through 2526), and the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 601 *et seq.*), to establish paternity and visitation rights with Benna Crawford, a minor child, alleging that he was Benna's father. Lauren Crawford, Benna's mother, filed a motion to dismiss the petition based on the fact that the plaintiff had not filed suit within the two-year limitations period provided in the Illinois Parentage Act of 1984. Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(2).

Plaintiff appeals from the dismissal: (1) contending the trial court erred in applying the statute of limitations retroactively and (2) challenging the statute of limitations on constitutional grounds. We affirm the decision of the trial court.

We first address plaintiff's contention that the two-year statute of limitations provision incorporated in the Illinois Parentage Act of 1984 violates the equal protection clause of the United States Constitution and article I, section 2, of the Illinois Constitution of 1970.

■ A brief discussion of the Illinois Parentage Act in its historical context is appropriate at this juncture. Under the Paternity Act of 1958 (Ill. Rev. Stat. 1983, ch. 40, par. 1351 *et seq.*), putative fathers were not allowed to bring an action to establish paternity at any time. No statute expressly governed actions by putative fathers seeking to establish their paternity. However, Illinois courts did recognize such a right of action by putative fathers, and accordingly, allowed them to seek relief under the Illinois Marriage and Dissolution of Marriage Act (*In re Custody of Myer* (1981), 100 Ill. App. 3d 27, 426 N.E.2d 333), and under the declaratory judgment act (*Pritz v. Chesnul* (1982), 106 Ill. App. 3d 969, 436 N.E.2d 631). Actions brought pursuant to these statutes were not limited by a statute of limitations. The Parentage Act, enacted September 12, 1984, became effective July 1, 1985, and provides, *inter alia*, that a man alleging to be the father of a child, in order to establish a father/child relationship, must bring an action within two years after the child's birth. Ill. Rev. Stat. 1985, ch. 40, pars. 2507(a), 2508(a)(2), 2514.

Upon review of the legislative history of the Illinois Parentage Act of 1984, it appears that the Paternity Act of 1958 was repealed in response to the United States Supreme Court's denunciation of a similar statute in Tennessee in which the statute was held to be unconstitutional because it denied equal protection to illegitimate children seek-

ing support (*Pickett v. Brown* (1983), 462 U.S. 1, 76 L. Ed. 2d 372, 103 S. Ct. 2199), and our supreme court's decision in *Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24, which held that the two-year statute of limitations under the Illinois Paternity Act of 1958, which precluded the bringing of an action to establish paternity by anyone later than two years of the birth of the child, was similarly unconstitutional discrimination against illegitimate children.

Plaintiff recognizes that the Illinois Parentage Act of 1984 extends the rights of an illegitimate child to establish the parent-child relationship until two years after the child reaches the age of majority and expressly allows a putative father to bring an action to establish paternity. However, plaintiff argues that the Act is still defective because the two-year statute of limitations applicable to an *action brought on behalf of any person other than the child* (Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(2)) violates equal protection guarantees. Specifically, plaintiff contends that the statute of limitations bars putative fathers from maintaining an action on their own behalf to establish a relationship with the child while fathers of children born during marriage are not similarly restricted in custody, visitation or support actions.

■■ ■ Courts are to assume that the legislature intends to enact constitutional statutes. (*Dornfeld v. Julian* (1984), 104 Ill. 2d 261, 472 N.E.2d 431.) Further, all doubts are to be resolved in favor of upholding the validity of the law challenged. (*People v. Bales* (1985), 108 Ill. 2d 182, 188, 483 N.E.2d 517.) In analyzing the nature of the statutory classification allegedly causing discrimination, courts apply different levels of scrutiny. (See *Clark v. Jeter* (1988), 486 U.S. 456, 100 L. Ed. 2d 465, 108 S. Ct. 1910.) Here, the classification is not based on any of the suspect categories of race, religion, or national origin, nor does it infringe upon fundamental rights requiring strict scrutiny. (See *Clark*, 486 U.S. at 461, 100 L. Ed. 2d at 471, 108 S. Ct. at 1914. See also *Loving v. Virginia* (1967), 388 U.S. 1, 18 L. Ed. 2d 1010, 87 S. Ct. 1817; *Harper v. Virginia State Board of Elections* (1966), 383 U.S. 663, 672, 16 L. Ed. 2d 169, 176, 86 S. Ct. 1079, 1084.) Neither is the classification based upon sex or illegitimacy, which are given an intermediate scrutiny. See, *e.g., Mississippi University for Women v. Hogan* (1982), 458 U.S. 718, 723-24, 73 L. Ed. 2d 1090, 1097-98, 102 S. Ct. 3331, 3335-36; *Craig v. Boren* (1976), 429 U.S. 190, 197, 50 L. Ed. 2d 397, 407, 97 S. Ct. 451, 457.

■■ Instead, the statutory classification which the plaintiff alleges is discriminatory is based upon persons other than the illegitimate child for whose benefit a paternity action is instituted. Therefore, in reviewing the statutory classification of presumed or alleged fathers, this

court need only accord minimal scrutiny and determine if the classification bears some fair relationship to a legitimate governmental purpose (*Lehr v. Robertson* (1983), 463 U.S. 248, 265, 77 L. Ed. 2d 614, 629, 103 S. Ct. 2985, 2995) and is rationally related to a legitimate State interest (*Vaden v. Village of Maywood* (7th Cir. 1987), 809 F.2d 361).

■ The Illinois Parentage Act provides that the child or someone bringing the action on behalf of the child can bring the action until two years after the child reaches the age of majority. (Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(1).) To alleviate past defects in parentage cases and to protect the special interests of the child to have an adequate opportunity to obtain support, the legislature extended the statute of limitations beyond the age of majority. Therefore, the main objective of the Illinois Parentage Act of 1984 concerns the rights of the child involved in remedying past denials of equal protection rights existing under the old Paternity Act.

■ The legislature recognized different interests of a parent and child in determining parentage. (See, *e.g.*, *Mills v. Habluetzel* (1982), 456 U.S. 91, 71 L. Ed. 2d 770, 102 S. Ct. 1549.) Under section 8(a)(2) of the Parentage Act, an action brought on behalf of any person other than the child shall be barred if brought later than two years after the birth of the child. In enacting this provision, the legislature determined that a two-year statute of limitations was a reasonable amount of time for any interested party, other than the child, to institute a suit to determine parentage.

■ The two-year statute of limitations applies to any person bringing the action on behalf of himself or herself. It applies to any civil action in which parentage is at issue. Both presumed and alleged fathers must bring a paternity action within the statutory period. The plaintiff asserts that under Illinois law, married or divorced fathers have greater rights than putative fathers. To address this contention we must look to the obvious purposes of the statute in light of the subject it addresses and its apparent objective. *Chastek v. Anderson* (1981), 83 Ill. 2d 502, 416 N.E.2d 247.

■ The Illinois Parentage Act of 1984 declared it public policy for Illinois to recognize the right of every child to the physical, mental, emotional, and monetary support of his or her parents. (Ill. Rev. Stat. 1985, ch. 40, par. 2501.1.) In achieving this objective, the Act provides "[that] [a]n action to determine the existence of the father and child relationship *** may be brought by the child; the mother; a pregnant woman; any person or public agency who has custody of, or is providing or has provided financial support to, the child; *or* a man presumed or alleging himself to be the father of the child or expected child."

(Emphasis added.) Ill. Rev. Stat. 1985, ch. 40, par. 2507(a).

█ A man is presumed to be the father if he and the child's natural mother are or have been married to each other, or after the child's birth, they marry each other. (Ill. Rev. Stat. 1985, ch. 40, pars. 2505(a)(1), (a)(2).) Contrary to plaintiff's assertions, therefore, the provisions of the Illinois Parentage Act of 1984 do not distinguish between putative fathers and married fathers in determining the existence of the father-and-child relationship. The statutes which the plaintiff refers to are completely different and address issues and objectives, such as custody and support, which are not relevant to the initial issue of establishing parentage.

█ We also note that prior to passage of the Illinois Parentage Act of 1984, courts held that their main concern was to provide for the best interest of the child and his or her welfare in the same way the courts protect and adjudicate a dispute between the parents of a legitimate child. (*People ex rel. Elmore v. Elmore* (1977), 46 Ill. App. 3d 504, 506, 361 N.E.2d 615, 617.) This rationale formed the basis for the repeal of the Paternity Act of 1958 and the enactment of the Illinois Parentage Act of 1984, which greatly expands the opportunities for an illegitimate child to seek the support of his or her parents. Therefore, it is our conclusion that although the Parentage Act does address establishing the parent-child relationship, its focus and main purpose center on the interests of the illegitimate child and does not propose to extend any further than it does, any rights for alleged fathers, presumed fathers, or natural mothers. We recognize that the statute of limitations provisions in the Illinois Parentage Act provide different time periods in which different parties must institute actions to determine paternity. The statute of limitations which the plaintiff challenges as violative of his equal protection rights does not apply to illegitimate children's paternity suits or those persons asserting claims on their behalf. Section 8(a)(2) only applies to an action brought on behalf of any person other than the child. Therefore, we conclude that the statutory classification in section 8 of the Illinois Parentage Act of 1984 is rationally related to a legitimate governmental purpose and does not violate equal protection. (See *In re Paternity of King* (Ind. 1987), 514 N.E.2d 325.) In addition, we defer to the wisdom of the legislature in so enacting this provision and take into consideration the general purposes underlying statutes of limitations. Hence, we conclude that the two-year statute of limitations which applies to the plaintiff serves its intended purpose, which is to avoid fraudulent or stale claims and provide repose for defendants. *Gates Rubber Co. v. USM Corp.* (7th Cir. 1975), 508 F.2d 603, 611.

Next, the plaintiff argues he should have been given a reasonable amount of time after the effective date of the Illinois Parentage Act of 1984 to bring his action because the new statute of limitations retroactively terminated his preexisting cause of action.

The plaintiff contends that but for the enactment of the Parentage Act of 1984, he would have been able to proceed with his cause of action under counts II and III of the petition under the declaratory judgment act, the Probate Act (Ill. Rev. Stat. 1985, ch. 110½, par. 1—1 *et seq.*), or the Illinois Marriage and Dissolution of Marriage Act. As noted above, the Illinois courts had recognized the rights of putative fathers to establish paternity, custody and visitation with their minor child under these statutes. However, at the time plaintiff filed his complaint, the Parentage Act was in effect as the applicable law and provided that "[i]n any civil action not brought under this Act, the provisions of this Act shall apply *if parentage is at issue."* (Emphasis added.) Ill. Rev. Stat. 1985, ch. 40, par. 2509(a).

Section 8 of the Parentage Act expressly states that "[a]n action brought on behalf of any person other than the child shall be barred if brought later than 2 years after the birth of the child." (Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(2).) This provision applies to persons like the plaintiff, who brought this action on his own behalf against the mother of the child later than two years after Benna's birth. At the time of the commencement of this action Benna was 3½ years old. Therefore, as the plaintiff asserts, the new statute of limitations acted to retroactively terminate his preexisting cause of action.

A retroactive law or retrospective law is one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past. (*United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138, 204 N.E.2d 4.) As a general rule, retroactive legislation is not favored unless the legislative intent of retroactive operation is expressly indicated by language or by necessary or unavoidable implication. *United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138, 141-42, 204 N.E.2d 4.

The defendant argues that the legislature intended that the two-year statute of limitations was meant to apply retroactively, that this intention is expressed in clear language and that the courts are bound by law to follow the intent of the legislature. It appears that the trial court did not address the issue of retroactivity. Instead, the trial court based its analysis on the savings provision of the Illinois Parentage Act. (Ill. Rev. Stat. 1985, ch. 40, par. 2525.) The judge concluded that the savings provision of the Act actually expanded the rights of

the plaintiff. While we do not completely agree with the court's analysis, we do agree that the savings provision reinforces our conclusion that the legislature intended to: (1) allow persons to bring actions to establish paternity not previously allowed to do so under the old Paternity Act and (2) extend the statutory limitations period for causes of action brought by or on behalf of the child. Section 25 states "this Act shall not be construed to bar an action which would have been barred *** as long as the limitations periods set forth in section 8 [paragraph 2508] of this Act are complied with." (Ill. Rev. Stat. 1985, ch. 40, par. 2525.) In other words, the Illinois Parentage Act established that putative fathers like the plaintiff were no longer barred—as they were under the Paternity Act of 1958—from bringing suit to determine the parent-child relationship as long as they met the statutory requirements and statute of limitations in section 8. We believe that the language in the savings provision (section 25) is clear that the provisions of section 8 must be met. Section 8(a)(2) clearly provides that the statutory period is two years.

Therefore, we find that where the legislature states "[a]n action brought on behalf of any person other than the child shall be barred if brought later than 2 years after the birth of the child" (Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(2)), such clear language, without more, expresses an intention to apply the shortened statute of limitations retroactively and such intention is binding upon the court. *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513.

Having concluded that the legislature intended the Illinois Parentage Act of 1984 to apply retroactively, the next question becomes whether our analysis should end here. The defendant argues that there should be no need to inquire as to whether the plaintiff filed his action within a reasonable period of time since the legislature expressed its intent to apply the statute of limitations retroactively as to actions of the type brought in this case.

■■ However, we agree with the plaintiff's contention that an amendment or statute which shortens the period in which suit may be filed will not be retroactively applied so as to instantaneously terminate a cause of action, existing prior to the effective date of the statute, unless the party has a reasonable amount of time after the effective date in which to file his action. (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 447 N.E.2d 408.) If a reasonable amount of time after the effective date does not exist, the courts in Illinois will accord a reasonable period of time. *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 420, 490 N.E.2d 665.

■■ The question then becomes whether the plaintiff filed his

action within a reasonable amount of time after the effective date of the Illinois Parentage Act of 1984. Even though the circuit court did not consider the issue of reasonableness, we have reviewed the record in order to address this argument. Benna Crawford was born on November 14, 1982. The Illinois Parentage Act was enacted September 12, 1984, and became effective July 1, 1985. Plaintiff filed his petition to establish paternity and visitation on May 21, 1986. This was 42 months after Benna was born, 20 months after the Parentage Act was passed and almost 11 months after it became effective. Courts look to the facts of each case for a determination of what constitutes a reasonable time. (*Sakellariadis v. Spanos* (1987), 163 Ill. App. 3d 1084, 1089, 517 N.E.2d 324.) Even though the trial judge did not give a clear indication of whether or not 11½ months was a reasonable amount of time, we have made this determination based upon the facts and the record below. In the instant case, plaintiff had knowledge of his cause of action from the birth of the child. In the past, he had exercised visitation privileges with her. He was free to initiate an action to establish paternity for 3½ years under other statutory provisions. He did not allege any facts or disabilities preventing him from filing such an action prior to the passage of the new law. Therefore, we find that the plaintiff did not file the petition within a reasonable amount of time.

Ordinarily we would conclude our analysis here. However, upon an examination of the relevant cases on this issue, we did find two cases recently before our court which are strikingly similar to the instant case. (*Majidi v. Palmer* (1988), 175 Ill. App. 3d 679, 530 N.E.2d 66; *McDonald v. McGowan* (1987), 163 Ill. App. 3d 697, 516 N.E.2d 934.) In each case, the trial court dismissed the petition to establish paternity as barred by the statute of limitations under the Illinois Parentage Act of 1984. Additionally, in the *Majidi* and *McDonald* cases, the appellate court affirmed the trial court's decision, dismissing the suit as time barred, but remanded to the trial court for the appointment of a guardian *ad litem*.

In the case at bar, the parties raised the issues of the constitutionality of the statute in question and whether the statute of limitations should be applied retroactively. Neither party raised the issue of the trial court's failure to appoint a guardian *ad litem* or to add a new party to the suit, nor did the trial court raise these issues *sua sponte*. Nevertheless, we direct our attention to these issues in light of *Majidi* and *McDonald*.

■ The *Majidi* and *McDonald* decisions held that under the circumstances there the circuit court had an obligation to appoint a guardian *ad litem*, citing *Roth v. Roth* (1977), 52 Ill. App. 3d 220, 226,

367 N.E.2d 442, for the proposition that "[w]hen a court has notice that a minor is present without proper representation, it is the duty of that court to appoint a guardian *ad litem* to help safeguard and protect the interests and welfare of the minor."

The *Roth* decision, which involved a contested custody dispute, also opined that "appointment of a guardian *ad litem* is *not required* in custody proceedings but is *permitted by statute*." (Emphasis added.) (52 Ill. App. 3d at 227.) Similarly, under the Illinois Parentage Act of 1984, "[i]f any party is a minor, he or she *may* be represented by his or her general guardian or a guardian *ad litem* appointed by the court ***. The court may align the parties." (Ill. Rev. Stat. 1987, ch. 40, par. 2507(c).) Section 2—407 of the Code of Civil Procedure provides that "[n]ew parties *may* be added *** by order of the court." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 2—407.) Therefore, in light of the statutory provisions under the Code of Civil Procedure and the Illinois Parentage Act of 1984, we conclude it is not mandatory that the trial court appoint a guardian *ad litem*, and therefore, we decline to follow *Majidi* and *McDonald* in the present circumstances.[1]

We hold that the trial court was correct in its decision to dismiss the cause of action as time barred, where the filing of the paternity action was not filed either by or on behalf of the child, was filed later than two years after the birth of the child and, in fact, the plaintiff waited for almost two years after the Illinois Parentage Act of 1984 was passed and almost a year after it became effective before bringing the action.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

CAMPBELL and QUINLAN, JJ., concur.

---

[1]We would like to add for the record for future guidance, in a situation such as the one at bar, where there is a potential conflict between the minor's interests and those of her legal guardian, it may be prudent for the trial court to appoint a guardian *ad litem* to protect the interests of the minor child. However, to avoid any doubts and confusion, it may also be necessary for the legislature to review situations such as the one in this case and those in the *Majidi* and *McDonald* cases in order that the statute will be clear whether the trial court should make a finding as to whether the interests of the child and those of her legal guardian are in conflict. If this is not done, we will find ourselves in the wary position of reversing and remanding otherwise sound and good decisions in order to clarify and correct an ambiguity in the law.

As a reviewing court, it is not within our prerogative to rewrite statutes or mandate that trial judges must join parties when our Code of Civil Procedure does not require such a conclusion.