*In re* CUSTODY OF D.A. (Mark Denofrio, Petitioner-Appellant, v. Ronald Kuc, Respondent-Appellee.

First District (3rd Division)   No. 1—87—3827

Opinion filed August 1, 1990.

812

Enrico J. Mirabelli, of Chicago, for appellant.

Hammond Kubaszewski, of Chicago, for appellee.

Mark S. Simon, of Chicago, guardian *ad litem*.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Petitioner, Mark Denofrio, appeals from an order of the circuit court of Cook County which dismissed his petition to establish paternity rights with D.A., a minor child. The petition was dismissed on the ground that it was barred by the two-year limitations period set forth in section 8 of the Illinois Parentage Act of 1984 (the Act) (Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)). On appeal petitioner claims that

the statute is unconstitutional; that he was entitled to an evidentiary hearing; and that the guardian *ad litem (GAL)* did not act in the best interests of the minor.

■■ Petitioner's statement of facts does not comply with Supreme Court Rule 341(e)(6) in that the facts are not set forth "without argument or comment." (113 Ill. 2d R. 341(e)(6); *Wald v. Chicago Shippers Association* (1988), 175 Ill. App. 3d 607, 529 N.E.2d 1138.) He also has failed to cite record citations. (113 Ill. 2d R. 341(e)(6).) While we point out these violations, they will not preclude our review of the issues on appeal in this instance.

D.A. was born on June 7, 1981, to Janice A., who died on February 22, 1986, in a CTA train accident. D.A. has been in the custody of Ronald Kuc, respondent and former husband of Janice A., throughout these proceedings. Both petitioner and respondent sought to establish a father-child relationship with D.A. and sought permanent custody of the child. Respondent was declared the child's father by a judgment on November 20, 1987.

Petitioner initially filed a custody petition for D.A. on May 16, 1986. By an agreed order he was allowed to amend, and he filed a parentage petition on his behalf on July 10, 1986. Respondent filed a custody petition and an affirmative defense. He eventually filed a parentage petition on his behalf on June 25, 1987.

Petitioner claimed to be the child's father because he lived with Janice A. from June 1, 1980, until August 1, 1982, and had sexual intercourse with Janice A. during which time D.A. was conceived. Petitioner also claimed that Janice A. told him that he was the father. D.A. was baptized with his surname. Petitioner also claimed that he had visitation with the child when Janice A. was alive, and he contributed to the child's support.

Respondent claimed that he was the child's father because he and Janice A. had sexual intercourse in August and September 1980, during which time D.A. was conceived. They were married at that time and thus respondent said that he was presumed to be D.A.'s father under section 5 of the Parentage Act even though the judgment of dissolution entered on September 22, 1980, stated that Janice A. was not pregnant. (Ill. Rev. Stat. 1985, ch. 40, par. 2505.) He was also named as D.A.'s father on an amended birth certificate. Respondent further claimed to have had visitation with D.A. while Janice A. was alive, and he said that he contributed to the child's support.

Pursuant to petitioner's motion, the court ordered paternity blood tests of petitioner, respondent and D.A. After petitioner sought to be named as the child's guardian, the court appointed a *GAL* for the

child who was also to act as her attorney. The *GAL* filed a parentage petition on D.A.'s behalf against both men. Count I alleged that respondent was her father, and count II alleged that petitioner was her father. Both men answered in the affirmative to the allegations pertaining to him. Petitioner also filed an affirmative defense to count I and a counter-parentage petition.

Both respondent and the *GAL* filed motions to dismiss petitioner's parentage petition on the ground that the statute of limitations of the Act barred the latter's claim. (Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(2).) Following a hearing on August 13, 1987, the court granted respondent's motion to dismiss but also dismissed respondent's parentage petition on its own motion because it too was barred by the statute of limitations.

Respondent filed a motion for psychological evaluation of petitioner and the child, but later withdrew it. The child was examined by Dr. Vita Krall, a psychologist, in July 1987 apparently after the *GAL* consented to the evaluation.

The *GAL* filed motions to dismiss petitioner's counter-parentage petition and to voluntarily dismiss count II of D.A.'s parentage petition against petitioner. He claimed that it was in D.A.'s best interests to dismiss the petition against petitioner, and in support thereof attached an affidavit by Dr. Vita Krall. Dr. Krall had examined D.A. in July 1987 and found that she identified respondent as her psychological father; that she had no significant relationship with petitioner; and that she would suffer extreme, long-term, adverse psychological consequences if removed from respondent's custody.

Pursuant to petitioner's petition to disqualify the *GAL*, the court held a hearing on September 14, 1987. It found that the *GAL* had acted properly and in D.A.'s best interests. The court then found that petitioner's counter-parentage petition was barred by the statute of limitations and dismissed count II of D.A.'s parentage petition against petitioner without prejudice. An order was entered on September 22, 1987.

Subsequently, petitioner filed a petition to intervene, a complaint for declaratory judgment and preliminary injunction, and a formal demand upon the court and the *GAL* to be named as the putative father. He attached the blood test results and paternity index to his demand. The court denied these pleadings in its order of November 20, 1987.

The record indicates that a hearing was held on November 10, 1987, wherein a prove up on the *GAL*'s motion for judgment on the pleadings was heard. There is no report of proceedings for this hearing on appeal.

Two judgment orders were entered on November 20, 1987, following a hearing. In one order respondent was declared D.A.'s father and awarded sole care, custody, control and education of her as being in her best interests. The other order denied petitioner's petition to intervene and other pleadings and provided that the *GAL*'s motion for judgment on the pleadings was granted. Fees and costs for the *GAL* were assessed. Petitioner appealed on December 18, 1987.

■■ ■ Prior to addressing the merits on appeal, we must determine whether the appeal has been properly taken in order to invoke this court's jurisdiction, although none of the parties have raised the issue. (*Deerfield Management Co. v. Ohio Farmers Insurance Co.* (1988), 174 Ill. App. 3d 837, 529 N.E.2d 243.) We note that petitioner's brief filed on August 11, 1988, failed to comply with Supreme Court Rule 341(e)(4)(ii), effective August 1, 1988, in that his appellate brief contained no statement of jurisdiction. (134 Ill. 2d R. 341(e)(4)(ii); *Voiland v. Warsawsky* (1989), 182 Ill. App. 3d 332, 538 N.E.2d 764.) The August 13, 1987, order which dismissed petitioner's parentage petition contained the language "[t]his is a final and appealable order, and there is no just reason to delay its enforcement. Denofrio shall be granted additional time in which to file his notice of appeal until 30 days after the court's ruling on the *GAL*'s motion for voluntary dismissal." This language was used while other claims were pending and appears to be a Rule 304(a) finding. (107 Ill. 2d R. 304(a); but see *Rauscher v. Albert* (1985), 138 Ill. App. 3d 799, 485 N.E.2d 1362.) If a Rule 304(a) finding is made to an order which is in fact final, the affected party loses the right to appeal by waiting until the termination of the remainder of the case. (*In re Johnson* (1985), 134 Ill. App. 3d 365, 368, 480 N.E.2d 520.) Petitioner herein waited until the determination of all other claims before appealing this order.

■■ Despite the trial court's language, it apparently did not intend that the order was appealable by petitioner at that time. This fact is evidenced by the trial court's subsequent statement in the order that petitioner had an additional 30 days to appeal following a determination on another claim between the parties. The additional language nullified any Rule 304(a) finding, and petitioner could not appeal until the other claim was decided. We note also that while the *GAL*'s motion for voluntary dismissal was granted in the order of September 22, 1987, the order specifically recited that it was not final until fees and costs for the *GAL* were determined. These were assessed in the November 20, 1987, order which incorporated the August 13, 1987, and September 22, 1987, orders. Therefore, petitioner's appeal was timely.

In the first issue petitioner contends that the two-year limitations period provided in section 8 of the Act is unconstitutional under the fourteenth amendment of the United States Constitution (Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(2)).

■ Under section 8(a)(2), an "action brought on behalf of any person other than the child" is barred if brought outside the limitations period. (Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(2).) Petitioner contends that this section bars biological or putative fathers from maintaining an action to establish a relationship with the child if the action is not brought within the two-year statue of limitations while the child or the State is not similarly restricted by a two-year period. (Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(1).) He asserts that this statutory classification of persons other than the illegitimate child for whose benefit a paternity action is instituted is discriminatory. Petitioner claims that the statutory classification set forth in section 8 regarding putative fathers must be reviewed under the intermediate scrutiny standard of review. *Clark v. Jeter* (1988), 486 U.S. 456, 100 L. Ed. 2d 465, 108 S. Ct. 1910; *Mills v. Habluetzel* (1982), 456 U.S. 91, 71 L. Ed. 2d 770, 102 S. Ct. 1549.

■ In considering whether State legislation violates the equal protection clause of the fourteenth amendment, different levels of scrutiny apply to different types of classifications. A statutory classification, at a minimum, must be rationally related to a legitimate governmental purpose, while classifications based on race or national origin or affecting fundamental rights are given exacting or strict scrutiny. (*Clark v. Jeter* (1988), 486 U.S. 456, 461, 100 L. Ed. 2d 465, 471, 108 S. Ct. 1910, 1914.) Between the rational basis review and strict scrutiny, there is a level of intermediate scrutiny which generally applies to discriminatory classifications based on sex or illegitimacy. (486 U.S. at 461, 100 L. Ed. 2d at 471, 108 S. Ct. at 1914.) Intermediate scrutiny requires that the statutory classification be substantially related to an important governmental objective. (486 U.S. at 461, 100 L. Ed. 2d at 471, 108 S. Ct. at 1914.) Petitioner argues that the classification which bars his claim is not substantially related to an important governmental objective and is against the public policy of the Act.

■ Initially, the *GAL* argues in response that petitioner has waived this constitutional issue because he failed to timely raise it before the trial court. Without specifically addressing the arguments made by the *GAL* and petitioner in his reply brief, we deem that the issue has not been waived.

The *GAL* also asserts that the constitutional issue should be

deemed waived because petitioner did not serve notice upon either the Attorney General or the State's Attorney of Cook County as provided under Supreme Court Rule 19. (107 Ill. 2d R. 19.) At any rate, the *GAL* raised Supreme Court Rule 19 in an earlier motion before this court when he sought to compel petitioner to comply with the rule. This court denied the motion. Therefore, we do not find the constitutional issue waived.

■■■ A recent decision by another division of this court in *Klawitter v. Crawford* (1989), 185 Ill. App. 3d 778, 541 N.E.2d 1159, is dispositive of the first issue. The petitioner in *Klawitter* challenged the two-year statute of limitations under the equal protection clause of the United States Constitution, and article I, section 2, of the Illinois Constitution. In analyzing the nature of the statutory classification of presumed or alleged fathers, the appellate court found that only minimal scrutiny need be accorded and a determination be made as to whether the classification bears some fair relationship to a legitimate governmental purpose and is rationally related to a legitimate State interest. *Klawitter*, 185 Ill. App. 3d at 782-83; *Majidi v. Palmer* (1988), 175 Ill. App. 3d 679, 530 N.E.2d 66.

In *Klawitter* the court reviewed the public policy and purposes of the Parentage Act. While the Act addressed the establishment of a parent-child relationship, its focus and main purpose centered on the interests of the illegitimate child. The court noted that the two-year limitations period did not apply to paternity suits brought by or on behalf of the child, but section 8(a)(2) of the Act applied to actions brought on behalf of persons other than the child. The court reasoned that the statute of limitations served its intended purpose, which was to avoid fraudulent or stale claims and to provide repose for defendants. Therefore, the court concluded that the statutory classification in section 8 of the Act is rationally related to a legitimate governmental purpose and does not violate equal protection. *Klawitter*, 185 Ill. App. 3d at 784; *Majidi*, 175 Ill. App. 3d at 683.

■■ ■ Although *Klawitter* addressed the constitutionality of the statute under the equal protection clause, we adopt its reasoning and conclusions in finding that section 8 does not violate due process. A due process analysis of a statute which does not affect a fundamental constitutional right requires only the rational-basis test as the level of scrutiny accorded the statute. (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 489 N.E.2d 1374.) The statutory classification herein does not infringe upon a fundamental right. (*Klawitter*, 185 Ill. App. 3d at 782; accord *Majidi v. Palmer*, 175 Ill. App. 3d 679, 530 N.E.2d 66.) The rational-basis test applied in *Klawitter* is the proper

test for a due process determination. *Klawitter* found the classification in section 8 rationally related to a legitimate government interest. (Accord *Majidi v. Palmer*, 175 Ill. App. 3d 679, 530 N.E.2d 66.) Thus, it does not violate due process. See *Bernier v. Burris* (1986), 113 Ill. 2d 219, 497 N.E.2d 763.

While petitioner claims in his reply brief that a mother of an illegitimate child has many years to bring an action and a father does not, the contention is without merit. A mother bringing an action on her own behalf is subject to the statute of limitations of section 8 as well. Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(2); *Klawitter v. Crawford* (1989), 185 Ill. App. 3d 778, 541 N.E.2d 1159; *In re Marriage of Ingram* (1988), 176 Ill. App. 3d 413, 531 N.E.2d 97.

In the second issue, petitioner contends that the trial court should have held an evidentiary hearing to determine whether the limitations period of section 8 of the Act was tolled based upon equitable estoppel. The entire support for his argument is *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 344 N.E.2d 447, a case expressly overruled in *Dornfeld v. Julian* (1984), 104 Ill. 2d 261, 472 N.E.2d 431. The parties have raised various arguments concerning whether *Cessna* is applicable; however, they have failed to note that it is no longer valid. In essence, petitioner has presented his second issue without citation to pertinent authority and does not satisfy Supreme Court Rule 341(e)(7). (113 Ill. 2d R. 341(e)(7).) Bare contentions without argument or citation of authority do not merit consideration on appeal. (*Britt v. Federal Land Bank Association* (1987), 153 Ill. App. 3d 605, 505 N.E.2d 387.) However, since the trial court found that *Cessna* did not apply because equitable estoppel was not available to petitioner, we will address the equitable estoppel claim.

Petitioner argued during the hearing that, based upon certain actions by Janice A., he was lulled into believing that a paternity action was not necessary. Because of her actions, he claimed the statute of limitations should be tolled based upon equitable estoppel. The trial court found that equitable estoppel did not apply because the person that petitioner claimed acted to prevent his suit was not a party to the action.

Equitable estoppel is a doctrine developed in equity to prevent one party from asserting rights where assertion of the rights would work a fraud or injustice on another party. (*Launius v. Najman* (1984), 129 Ill. App. 3d 498, 504, 472 N.E.2d 170.) The doctrine has been applied to prevent a litigant, whose conduct has caused a party to delay filing suit until after the limitations period has run, from relying upon the limitations period as a bar to the action. (*Neaterour v.*

*Holt* (1989), 188 Ill. App. 3d 741, 749, 544 N.E.2d 846.) The party who reasonably relied upon the other party's conduct or representations in forebearing suit can invoke the doctrine. *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.

■■ In the instant case petitioner sought to bar the application of the statute of limitations because of the alleged conduct and representations of a nonparty. Janice A., deceased, was not a party claiming that petitioner's action was barred by the statute of limitations. Equitable estoppel was not available to petitioner. The trial court properly denied an evidentiary hearing despite the *GAL*'s lack of objection because the doctrine was not applicable.

In his reply brief petitioner claims that recent case law under the Act does not explicitly discuss the *"Cessna"* doctrine but rather looks at whether petitioner filed his claim within a reasonable amount of time. He relies upon *Sakellariadis v. Spanos* (1987), 163 Ill. App. 3d 1084, 517 N.E.2d 324, wherein the trial court held an evidentiary hearing to determine whether the statute of limitations should be applied retroactively to bar the petitioner's action. The mother was deceased in *Sakellariadis*, and two men were claiming parentage. Petitioner claims that he should have had an evidentiary hearing to determine whether he filed his action in a reasonable amount of time.

■■ First, petitioner did not raise this issue before the trial court. The trial court did allude to the fact that the limitations period can be applied retroactively during the August 13, 1987, hearing. Petitioner's argument below was based upon equitable estoppel and not the retroactive application of the limitations period which was the issue in *Sakellariadis*. An issue not presented to or considered by the trial court is deemed to be waived and need not be considered on review. (*Harbor Insurance Co. v. Arthur Andersen & Co.* (1986), 149 Ill. App. 3d 235, 500 N.E.2d 707.) Second, petitioner raises this argument for the first time on appeal in his reply brief contrary to Supreme Court Rule 341(e)(7). (113 Ill. 2d R. 341(e)(7).) Thus, the point can be considered waived. *In re Estate of Jacobs* (1989), 189 Ill. App. 3d 625, 545 N.E.2d 502.

■■ In any event, petitioner's argument fails based upon the record. The reviewing courts have determined that the statute of limitations of the Act applies retroactively. However, the limitations bar will not be applied if, under the facts of the case, the action was filed within a reasonable amount of time after the effective date of the Act. *Klawitter v. Crawford* (1989), 185 Ill. App. 3d 778, 541 N.E.2d 1159; *Majidi v. Palmer* (1988), 175 Ill. App. 3d 679, 530 N.E.2d 66; *Sakellariadis v. Spanos* (1987), 163 Ill. App. 3d 1084, 517 N.E.2d 324.

The Act was passed on September 12, 1984, and became effective July 1, 1985. D.A. was born on June 7, 1981. Petitioner filed a custody petition on May 16, 1986, but did not file his parentage petition until July 10, 1986. The parentage petition was filed about five years after D.A.'s birth, about 22 months after the Act was passed and over 12 months after it was effective. (*Klawitter*, 185 Ill. App. 3d at 787.) We do not find the delay of one year and 10 days to file a paternity action a reasonable amount of time under the facts of this case. *Sakellariadis*, 163 Ill. App. 3d at 1089.

Nor do we find that petitioner's reason for delaying suit, the actions of Janice A., rendered the delay reasonable. Although the mother may have told him that he was the father and allowed him visitation, petitioner was free to initiate an action whereby he could obtain legal recognition of his rights as D.A.'s father. (*Majidi*, 175 Ill. App. 3d at 684.) Petitioner relies on the baptismal certificate which showed D.A. with his surname. However, the record shows the use of the mother's surname for the child on petitioner's insurance enrollment as early as February 1982. The bank account also bears the mother's surname for the child at least as early as June 1983. The record also indicates the petitioner was concerned with his relationship with the child and mother in June 1983. These factors should have suggested to petitioner that legal action was necessary to establish his paternity rights. (See *Majidi*, 175 Ill. App. 3d 679; *Sakellariadis*, 163 Ill. App. 3d 1084.) He was free to file an action under other statutory provisions for several years prior to the new Act. (*Klawitter*, 185 Ill. App. 3d at 787.) The circumstances of the delay do not render it reasonable, particularly since petitioner's reason for the delay could have continued if not for Janice A.'s death beyond the two-year period of limitations which would have conclusively barred the action. (*Majidi*, 175 Ill. App. 3d at 684; *Sakellariadis*, 163 Ill. App. 3d at 1090; see *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 490 N.E.2d 665.) Therefore, petitioner's delay in bringing suit was not reasonable, and the statute of limitations was properly applied.

In his last issue petitioner claims that his petition to disqualify the *GAL* should have been granted. He claims that the *GAL*'s duties were limited to the issues of support and custody under section 506 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 506). Since the sole issue before the court was paternity, he argues that no *GAL* was necessary until that issue was resolved. Citing *LeHew v. Mellyn* (1985), 131 Ill. App. 3d 314, 475 N.E.2d 913, petitioner asserts that the *GAL* exceeded his authority and did not

act in D.A.'s best interests because his actions denied D.A. a determination of her biological father.

■■ Courts have inherent equitable power to appoint a *GAL* for minors interested in litigation. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96.) Section 7(c) of the Act provides that "[i]f any part is a minor, he or she may be represented by his or her general guardian or a guardian ad litem appointed by the court." (Ill. Rev. Stat. 1987, ch. 40, par. 2507(c).) If a child's interests are potentially in conflict with the parent's or the child's interests are not properly represented, it is the duty of the trial court to appoint a *GAL* to safeguard and protect the child's interests. (*In re Marriage of Klebs* (1990), 196 Ill. App. 3d 472.) Other appellate courts have found that the appointment of a *GAL* was necessary under the circumstances to protect the minor's interests. *Majidi v. Palmer* (1988), 175 Ill. App. 3d 679, 530 N.E.2d 66; *McDonald v. McGowan* (1987), 163 Ill. App. 3d 697, 516 N.E.2d 934.

■■ Therefore, the trial court had the inherent power and statutory authority to appoint a *GAL* for the child. It exercised that authority properly under the circumstances of this case. The child was the subject of two separate paternity actions by two men claiming to be her father. In addition, both men had asked for permanent custody of the child. The child's mother was deceased. The appointment of a *GAL* to represent the child's interests was a proper exercise of the court's power.

Next, we address the *GAL*'s argument that petitioner is deemed to have admitted certain allegations in D.A.'s motion to dismiss by not specifically denying them. The third issued raised by petitioner concerns the denial of his motion to remove the *GAL* on the basis, among others, that the *GAL* exceeded his authority. This motion was heard and decided prior to the time petitioner's counter-petition was dismissed and the voluntary dismissal of count II against him. In view of the nature of the issue presented, we do not find the *GAL*'s argument regarding petitioner's admissions dispositive of petitioner's claim of error.

■■ Turning to the main aspect of the third issue, we must determine whether the *GAL* exceeded his authority. The *GAL* has the authority to bring a petition to determine the existence of a father and child relationship on behalf of the minor. (*McDonald v. McGowan* (1987), 163 Ill. App. 3d 697, 700, 516 N.E.2d 934.) The *GAL* shall make the determination to file a paternity action if he finds that such action is in the best interests of the child. (*Majidi v. Palmer* (1988), 175 Ill. App. 3d 679, 685, 530 N.E.2d 66; *McDonald*, 163 Ill. App. 3d

at 700.) However, the trial court must exercise supervision over the *GAL* to see that no interest of the minor is prejudiced. *Majidi*, 175 Ill. App. 3d at 685; *McDonald*, 163 Ill. App. 3d at 700.

In the instant case, the *GAL* had the authority to file a paternity action on behalf of D.A. if such action was in her best interests. (*McDonald*, 163 Ill. App. 3d at 700.) His authority was not limited to questions of custody, support and visitation. He also had the authority to not file any paternity action if such action was in D.A.'s best interests based upon our reading of *Majidi* and *McDonald*. Therefore, the *GAL* could file a paternity action on behalf of D.A. against respondent and not file such action against petitioner, if such action was in D.A.'s best interests.

Petitioner argues that it is in D.A.'s best interests to know who her biological father is. (*LeHew v. Mellyn* (1985), 131 Ill. App. 3d 314, 475 N.E.2d 913.) However, implicit in the *Majidi* and *McDonald* opinions, as well as *Klawitter*, is the fact that a determination of a child's biological father through a paternity action may not always be in the child's best interests.

The petitioner in *LeHew* claimed to be the child's biological father and sought a paternity determination as well as visitation rights. The court stated that the child's interests would be furthered by knowledge of her biological father's identity, citing inheritance disputes as a reason. *LeHew* was decided prior to the effective date of the Act and concerned a paternity claim which would have been timely under the Act. We do not read *LeHew* to require that a child's interests are always served by knowledge of her biological father.

Section 10 of the Act allows the trial court to conduct a pretrial conference. (Ill. Rev. Stat. 1987, ch. 40, par. 2510.) On the basis of information from the conference, the court shall evaluate the probability of determining the existence or nonexistence of the father-and-child relationship at a trial, and whether a judicial determination of the relationship is in the best interest of the child. (Ill. Rev. Stat. 1987, ch. 40, par. 2512.) The court shall then make an appropriate recommendation for settlement.

The Act and case law indicate that a paternity determination turns on the best interests of the child. Based upon the record, the trial court examined the actions of the *GAL* with respect to the best interests of D.A. A hearing was held on petitioner's motion to disqualify the *GAL*. The trial court found that the *GAL* had the authority to voluntarily dismiss the paternity action against petitioner in D.A.'s best interests.

The evidence indicated that it would not have been synony-

mous with the child's interests to deprive her of the emotional support of the man she has known as her father, respondent, by filing a paternity action against petitioner. (See *In re Marriage of Klebs* (1990), 196 Ill. App. 3d 472.) We also note as further evidence of the trial court's consideration of D.A.'s interests that a hearing was held on her parentage petition against respondent. Petitioner has failed to provide a record of that hearing on appeal. Therefore, we presume that the trial court's order was in conformity with established legal principles and had a sufficient factual basis. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958.) We find that the *GAL*, under the supervision of the trial court, filed the parentage petition against respondent in the best interests of D.A. and dismissed the parentage petition against petitioner.

The other matters raised by petitioner regarding the removal of the *GAL* are set forth as statements without argument or citation of authority. We deem these issues waived. *Britt v. Federal Land Bank Association* (1987), 153 Ill. App. 3d 605, 505 N.E.2d 387.

Based upon the foregoing, the judgment of the circuit court is affirmed.

Affirmed.

WHITE and FREEMAN, JJ., concur.